UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACK NISSEL, JR. ) | |
| ) | |
| Plaintiff, ) | Case Number |
| ) | |
| vs. ) | |
| ) | CIVIL COMPLAINT |
| WEST ASSET MANAGEMENT, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Jack Nissel, Jr., by and through his undersigned counsel, Bruce K. Warren, Esq. and Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Jack Nissel, Jr., (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Plaintiff resides in this District.

## III. PARTIES

4. Plaintiff, Jack Nissel, Jr. ("Plaintiff") is an adult natural person residing at 3016 South 76nd Street, Philadelphia, PA 19153.

5. Defendant, West Asset Management, Inc. ("Defendant"), at all times relevant hereto, is and was a Delaware Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 11808 Miracle Hills Drive, Omaha, NE 68154.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about November 5, 2009, Plaintiff entered into an agreement with Defendant to settle an alleged consumer debt owed to the Department of Education.

8. Defendant faxed written notice of the settlement offer to Plaintiff and stated that payment had to be made by November 30, 2009. Appended hereto and marked "**EXHIBIT A**" is a copy of the fax.

9. Plaintiff paid the agreed upon amount by credit card on or about November 9, 2009. Appended hereto and marked "**EXHIBIT B**" is a copy of the credit card statement.

10. On or about November 11, 2009, the Department of Education sent Plaintiff written verification of settlement in full of the alleged debt. Appended hereto and marked "**EXHIBIT C**" is a copy of the verification.

11. "**EXHIBIT C**" stated that no further payments were due.

12. Subsequently, the Department of Education removed the account from Defendant's office.

13. On or about November 25, 2009, Defendant sent Plaintiff a collection notice attempting to collect the remaining balance of the alleged debt, which Plaintiff does not owe. Appended hereto and marked "**EXHIBIT D**" is a copy of Defendant's collection notice.

14. Additionally, "**EXHIBIT D**" stated that Plaintiff had not responded to Defendant's previous communications.

15. Further, "**EXHIBIT D**" stated that Defendant's client, Department of Education, would prefer to work with Plaintiff rather than pursue involuntary methods of collection.

16. The Department of Education was no longer Defendant's client with regard to the alleged debt.

17. Defendant's collection notice is intentionally false and deceptive and attempts to collect an amount not permitted by law.

18. Plaintiff contacted Defendant by phone in or around the end of November 2009 to dispute the amount Defendant was attempting to collect.

19. Defendant's agent indicated that Plaintiff still owed the alleged debt and that Defendant would continue to attempt to collect it.

20. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT ONE – FDCPA
### FAIR DEBT COLLECTION PRACTICES ACT
### (FDCPA, 15 U.S.C. § 1692)

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

   a. 1692d Defendant's conduct was harassing, oppressive and abusive to Plaintiff;

   b. 1692e Defendant used false, deceptive or misleading representation or means in connection with collection of the alleged debt;

   c. 1692e(2) Defendant misrepresented the character, amount or legal status of the alleged debt;

   d. 1692e(10) Defendant used false representations or deceptive means to attempt to collect the alleged debt;

   e. 1692f Defendant's practices in connection with the attempt to collect the alleged debt were unfair and unconscionable;

   f. 1692f(1) Defendant attempted to collect an amount not authorized by the agreement creating the alleged debt or permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, West Asset Management, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT TWO – PA FCEUA
### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (PA FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

28. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("PA FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("PA UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

29. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30. The PA FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

32. Violations of the FDCPA is a <u>per se</u> violation of the PA FCEUA and the PA UTPCPL.

33. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

34. By virtue of the violations of the law as aforesaid, and pursuant to the PA FCEUA and PA UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTPCPL
## PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW
## (PA UTPCPL, 73 Pa. C.S. § 201-1 et seq.)

35. The foregoing paragraphs are incorporated herein by reference.

36. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

37. The PA UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

38. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the PA UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and PA FCEUA which are per se violations of the PA UTPCPL.

39. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

40. By virtue of the violations of law aforesaid and pursuant to the pa UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the pa UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date:  December 3, 2009

BY: /s/ Bruce K. Warren
BY: /s/ Brent F. Vullings
Bruce K. Warren, Esquire
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff